IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALE W. ADAMS and
CYNTHIA LONG ADAMS,

    Plaintiffs,

v.                                       Civil Action No. 3:06-CV-65
                                             (JUDGE BAILEY)

RUSH TRUCKING CORPORATION,
a corporation, and
DENNIS LEE GILKINSON,

    Defendants.

## ORDER GRANTING REASONABLE EXPENSES

On August 27, 2007, came David M. Goldenberg, counsel for Plaintiffs, by telephone, and Macel E. Rhodes, counsel for Defendants, in person, at the time previously set for Defendants to be given an opportunity to be heard why reasonable expenses should not be awarded.

The Order[1] setting the evidentiary hearing on Plaintiffs' Second Motion to Compel expressly provided that counsel with offices more than forty (40) miles from the point of holding court could attend the hearing by telephone. Therefore, all travel time for counsel for Plaintiffs to attend the hearing is not a reasonable expense.

On the other hand, Defendants did not respond to Plaintiffs' Third Request for Production of Documents until after Plaintiffs filed their Second Motion to Compel Discovery. Rule 37 (a) (4) (A) expressly provides that if the disclosure or requested discovery is provided after the Motion to Compel is filed, the Court, after giving the party an opportunity to be heard, must award reasonable expenses. The only exceptions are failure to make a good faith attempt to resolve the dispute

---

[1] Doc. No. 106.

without court action, substantial justification for not providing the discovery or other circumstances that would make an award of expenses unjust. None of the exceptions applies here.

Counsel for Plaintiffs filed an affidavit of fees related to this matter. Travel time and travel expenses must be eliminated. However, the time to prepare the Motion to Compel and attend the hearing required by Plaintiffs' flouting of the rules is appropriate. The responses had to be reviewed by counsel for Plaintiffs and the hearing had to be held to determine appropriate responses had been filed.

Counsel for Defendants and Defendants shall pay counsel for Plaintiffs Four Hundred Fifty Dollars ($450.00) as reasonable expenses related to the filing of the Motion to Compel within ten (10) days of the date of this Order.

Filing of objections does not stay this Order.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 14, 2007

                                                       /s/ James E. Seibert
                                                     JAMES E. SEIBERT
                                                     UNITED STATES MAGISTRATE JUDGE